CYNTHIA L. JOHNSON, (Bar No. 014492)
Law Office of C.L. Johnson
11640 East Caron Street
Scottsdale, AZ 85259
Phone: (480) 381-7929

Email: cynthia@jsk-law.com

*Attorney for Defendant Phoenix Title Loans*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Littlejohn,<br><br>      Plaintiff,<br><br>vs.<br><br>Phoenix Title Loans, LLC<br><br>      Defendant. | **Case No.: 2:18-cv-04250-DWL**<br><br>**ANSWER, COUNTERCLAIM AND CROSS CLAIM** |
| Phoenix Title Loans, LLC,<br><br>      Counter-Claimant/Cross Claimant,<br><br>vs.<br><br>Jennifer Littlejohn; Jose F. Gill and Jane Doe Gill, husband and wife; The Thompson Consumer Law Group, PLLC, an Arizona professional limited liability company,<br><br>      Counter-Defendant/Cross Defendants. | |

Defendant Phoenix Title Loans, LLC ("Phoenix Title"), through undersigned counsel, for its Answer to Plaintiff's, hereby alleges and avers as follows:

## NATURE OF ACTION

1.      Defendant Phoenix Title admits that Plaintiff alleges violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et. seq.* (the "Act" or "TILA statute"), that Plaintiff is seeking monetary damages and that Plaintiff served Defendant through the Arizona Corporation Commission on February 20, 2019; and therefore admits Paragraph 1 thru 3

-1-

of the Complaint.  Pursuant to A.R.S. §29-606(B) Phoenix Title has an additional 30 days to Answer in addition to the time otherwise provided by law.

## JURISDICTION AND VENUE

2.     As this case involves an alleged violation of a Federal Statute, Defendant admits jurisdiction arises pursuant 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.  In addition, Defendant's Alternative Counterclaim and Cross Claims arise out of the same transaction or occurrence, are compulsory, and therefore jurisdiction is proper.

3.     Defendant admits Venue is proper.

## THE TRUTH IN LENDING ACT

4.     Defendant Phoenix Title denies Plaintiff's legal argument pled in the Complaint regarding the case law citations and quotes, paragraphs 6 – 11.  Such legal argument is not in conformity with Rule 8(a) of the Federal Rules of Civil Procedure as they are not factual grounds entitling Plaintiff to relief.  Phoenix Title admits the existence of these legal citations but does not admit their applicability to this case as stated in the Complaint.

## PARTIES

5.     Defendant admits the allegation in Paragraphs 12 – 15 of the Complaint.

## FACTUAL ALLEGATIONS

6.     Defendant is without sufficient information with regard to the allegations in Paragraphs 16 and 17 of the Complaint, and therefore denies the same.

7.     Defendant admits the allegations in Paragraphs 18 – 22 of the Complaint but denies any liability under the TILA.

## COUNT I

8.     Defendant denies the allegation in Paragraph 23 - 26 of the Complaint as stated.  Defendant's actions were not intentional and resulted from a bona fide error, pursuant to 15 U.S.C. §1640(c).  Defendant was paying a professional company, PawnMaster by Data Age, for software that it relied upon for compliance with the TILA

statute to avoid such error.  However, the computer program printed the documents given to Plaintiff with errors.

## COUNT II

9. Defendant admits the partial restatement of TILA statute exists as stated in Paragraph 28 of the Complaint.

10. Defendant denies the allegation in Paragraph 29 of the Complaint as stated.

11. Defendant denies the allegation in Paragraph 30 of the Complaint as stated.

Any errors in calculation were not intentional and resulted from a bona fide error, pursuant to 15 U.S.C. §1640(c).  Defendant was paying a professional company, PawnMaster by Data Age, for software that it relied upon for compliance with the TILA statute to avoid such error.  However, the computer program may have printed the documents given to Plaintiff with an error(s).

## AFFIRMATIVE DEFENSES
## GENERAL AFFIRMATIVE DEFENSES

1. Defendant affirmatively alleges that the Complaint fails to state a claim upon which relief can be granted;

2. Defendant affirmatively alleges that the Complaint, and each cause of action allegedly contained therein, is barred because Plaintiff has not suffered any damages as a result of any conduct, acts or omissions by Phoenix Title;

3. Claims are barred by Plaintiff's breach of contract;

4. Offset;

5. Breach of Good Faith and Fair Dealing;

6. Bona fide Error, pursuant to 15 U.S.C. §1640(c);

7. Release;

8. Payment;

9. No damages;

10. Unconscionability;

11. Bad faith;

12. Defendant denies all allegations of the Complaint not specifically admitted herein.

13. By alleging the matters contained herein as affirmative defenses, Defendant does not thereby allege or admit that it bears the burden of proof or the burden of persuasion with respect to any of those matters.

**RESERVATION OF RIGHT TO ALLEGE ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant hereby reserves its right to amend this Answer and plead as additional affirmative defenses any and all of the items listed in Rule 8, Arizona Federal Rules of Civil Procedure, or any matter constituting an avoidance as may be revealed through the discovery and disclosure proceedings in this litigation or proven at trial.

**ALTERNATIVE COUNTERCLAIMS & CROSS CLAIM**

Counter Claimant Phoenix Title, for its Counterclaim against Counter Defendant, Jennifer Littlejohn and Cross Defendants Jose F. Gill and Jane Doe Gill and the Thompson Consumer Law Group, hereby alleges as follows:

**GENERAL ALLEGATIONS**

1. On or about April 24, 2018 Counter Defendant, Jennifer Littlejohn ("Littlejohn") borrowed Seven Hundred Dollars ($700.00) from Phoenix Title. In connection with the loan, Littlejohn executed a Note in favor of Phoenix Title, agreeing to repay the money. A copy of the Note is attached to Littlejohn's Complaint as Exhibit A (the "Note").

2. To secure payment of the Note, Littlejohn granted Phoenix Title a security interest in her vehicle, a 2005 Dodge Grand Caravan, VIN #: 2D4GP24R25R201140, which was perfected by recording with the Arizona Department of Transportation ("ADOT").

1      3.     Littlejohn made only two (2) payments on the Note: July 6, 2018 for One Hundred Seventy-Eight Dollars and Forty-Five Cents ($178.45) and September 5, 2018 for Two Hundred Thirty-Six Dollars and Fourteen Cents ($236.14), leaving a balance owed of Two Hundred Eight-Five Dollars and Forty-One Cents ($285.41), excluding interest.

       4.     Littlejohn refused/failed to pay the balance of the Note thereby breaching the contract and causing damage to Phoenix Title.

       5.     On or about September 26, 2018, Littlejohn's counsel, acting on behalf of Littlejohn, himself and Thompson Consumer Law Group, LLC ("TCLG"), sent a demand letter to Phoenix Title with a request for an accounting of the loan and the Complaint (the same as was filed here), threatening suit regarding violations of the Act, claiming no less than Two Thousand Dollars ($2000.00) in damages and attorney fees. *See*, **Exhibit 1** attached hereto and incorporated by this reference.

       6.     On or about October 8, 2018, Phoenix Title remitted the schedule of loan payments from Littlejohn to Littlejohn's counsel as he requested.  *See*, **Exhibit 2** attached hereto and incorporated by this reference.  Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG, responded on or about October 15, 2018 and advised Phoenix Title of a quote from case law and 15 U.S.C. § 1640(a)(2)(A), which dictates the penalty for a disclosure violation is "double the finance charge;" and that consumers may recover their fees and costs in the case of "any successful action." 15 U.S.C. § 1640(a)(3).

       7.     In the same correspondence, Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG, demanded Five Thousand Dollars to settle the claim, mostly attorney fees; and if not, would file the Complaint as he has done here.

       8.     Phoenix Title offered to pay $2000.00 on the claim, yet Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG refused, now demanding Forty-Five Hundred Dollars to settle the claim; and if not, would file the Complaint here. In addition, Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG,

refused/failed to account for attorney fees they admit were demanded pre-litigation. Littlejohn's counsel and TCLG were representing their own interest above and beyond those of just Littlejohn in their efforts to obtain by threat more attorney's fees than actually owed to them from Littlejohn; and that may have been owed to them pursuant to the TILA because no action had been filed.

9. On October 22, 2018 Phoenix Title released the lien on Littlejohn's vehicle to resolve the dispute for a value greater than what Littlejohn would have been owed in damages on her best day at trial to avoid litigation over a minor sum of money. Phoenix Title forwarded the lien release to Littlejohn's counsel, who then received her unencumbered title in the mail from ADOT. *See*, **Exhibit 3**, attached hereto and incorporated by this reference.

10. In further email correspondence between Littlejohn's counsel and the principal for Phoenix Title, Alfonso Larriva, Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG, knowingly misrepresented the TILA statute by stating they were entitled to attorney fees even though they were not a "successful party" as that term is defined in the TILA statute, and threatened this lawsuit unless Phoenix Title complied with paying the overinflated and un-earned pre-litigation attorney fees of Forty-Five Hundred Dollars ($4,500.00).

11. Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG followed through on the threat by filing this lawsuit over a month later on November 28, 2018. No litigation privilege applies to Littlejohn's counsel or TCLG, acting on behalf of Littlejohn, himself and TCLG as this lawsuit was filed over a month after the extortionary threat.

### COUNT I
### BREACH OF CONTRACT
### (Littlejohn)

12. Counterclaimant, Phoenix Title re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-11 of this Counterclaim as if fully set forth herein.

1    13.     On or about April 24, 2018, Littlejohn entered into a written agreement (or contract) where she agreed to repay the money she borrowed.

14.     Littlejohn failed to comply with that written agreement by refusing to pay the balance due on the debt in the amount of Two Hundred Eight-Five Dollars and Forty-One Cents ($285.41) and interest as the case may be.

15.     Littlejohn's performance is not excused because the TILA does not allow her to invalidate the debt.

16.     Counterclaimant complied with its obligations under the agreement by giving Littlejohn the money.

**WHEREFORE,** Counterclaimant respectfully requests the Court:

1)   Award Counterclaimant damages in the amount set forth herein;

2)   Award reasonable attorney fees and costs, pursuant to contract, A.R.S. §§ 12-341 & 341.01;

3)   Award such other and further relief as the Court may deem just and proper.

**COUNT II**
**CIVIL EXTORTION**
**(Littlejohn, Jose F. Gill and the Thompson Consumer Law Group, PLLC)**

17.     Counterclaimant and Cross Claimant, Phoenix Title re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1-16 of this Counterclaim and Cross Claim as if fully set forth herein.

18.     On or about September 26, 2018, Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG demanded no less than Two Thousand Dollars ($2000.00), without correctly determining the actual damage amount pursuant to the Act, and failing to give the creditor a good faith opportunity to remedy the violation.

19.     On or about October 8, 2018, Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG, knew that the Act only allowed for attorney fees in the case of "any successful action," citing 15 U.S.C. § 1640(a)(3) and nevertheless demanded payment of Five Thousand Dollars ($5,000.00), most of which were for attorney fees.

20. Littlejohn's counsel is a lawyer practicing law in the state of Arizona whose law firm, the Thompson Consumer Law Group, has extensive experience litigating TILA cases, boasting such on their website.  They are not entitled to the benefit of the doubt. Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG improperly weaponized the consumer protection statutes as an extraordinary tool to gouge egregious and unearned attorney fees they were not entitled to under the TILA.

21. Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG knew the threats were wrongful and had no basis in fact, and yet continued to act in the same manner in deliberate contravention to the rights of Phoenix Title because Littlejohn had not been successful in any action.

22. Littlejohn's counsel, acting on behalf of Littlejohn, himself and TCLG weaponized the Act by threatening a lawsuit coupled with an express demand for more money that what was due under the Act, acted in bad faith demanding excessive moneys for the work they had not actually performed.  The demands of Littlejohn's counsel, on behalf of TCLG, were self-serving because the fees demanded were not the same fees as Littlejohn was required to pay.

23. Phoenix Title actually released the lien on Littlejohn's vehicle without being given credit for offset prior to Littlejohn's filing this lawsuit.  Stated another way, Littlejohn's counsel has subjected her to these counterclaims (and attorney fees under the breach of contract claim) in pursuit of attorney fees even though the immediate remedy give by Phoenix Title was superior than the TILA damages available to Littlejohn. Instead of accepting a wonderful remedy for their client, Littlejohn's counsel and TCLG chose to extort money.

24. Littlejohn's counsel's acts, made on behalf of Littlejohn, himself and TCLG, were outrageous, malicious, fraudulent under the statute and calculated with an evil mind with disregard for the rights of Phoenix Title (and in Littlejohn's counsel's case, their own client) thus subjecting them to punitive damages.

**WHEREFORE,** Counterclaimant and Cross Claimant respectfully requests the Court:

1) Award Counterclaimant and Cross Claimant compensatory damages in an amount as proved;

2) Award Counterclaimant and Cross Claimant punitive damages in the amount no less than $25,000.00;

3) Award reasonable attorney fees and costs pursuant to A.R.S. § 12-349;

4) Award such other and further relief as the Court may deem just and proper.

**RESPECTFULLY SUBMITTED** this 20th day of March, 2019.

**LAW OFFICE OF CYNTHIA L. JOHNSON**

By: /s/*Cynthia L. Johnson*
Cynthia L. Johnson
*Attorney for Phoenix Title*

COPY of the foregoing electronically filed
this 20th day of March, 2019 with:

Clerk of the U.S. District Court
District of Arizona
401 W. Washington St.
Phoenix, AZ  85003-2118

With copies mailed or served
via (email or fax* or electronic notification** if so marked):

*Mr. Russell S. Thompson, IV
Thompson Consumer Law Group, PLLC
5235 E. Southern Avenue
Suite D106-618
Mesa, AZ 85206
rthompson@ThompsonConsumerLaw.com

By: */s/Cynthia Johnson*