**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Littlejohn, | No. CV-18-04250-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Title Loans LLC, | |
| Defendant. | |

Pending before the Court is Defendant Phoenix Title Loans LLC's Motion to Dismiss. (Doc. 28, "Mot.") Plaintiff Jennifer Littlejohn responded, (Doc. 35, "Resp."), but Defendant did not reply. Neither party requested oral argument and the Court elects to resolve this Motion without it. *See* LRCiv 7.2(f). Defendant moves to dismiss for lack of subject matter jurisdiction. (Mot. at 7 ("[Defendant] respectfully requests that Plaintiff's complaint . . . be dismissed pursuant to Article III of the United States Constitution.").) Having considered the pleadings and applicable law and accepting the allegations in the complaint as true, the Court grants the Motion as explained below.

## I.     BACKGROUND

Plaintiff obtained an automobile title loan from Defendant for unidentified personal, family or household purposes around April 24, 2018. (Doc. 1, "Compl." ¶¶ 12-13, 16-17.) Attached to her loan was a Truth in Lending Act disclosure statement ("disclosure statement"). (*Id.* ¶¶ 20-22.) The disclosure statement listed the loan's terms at 156% APR, a $118.30 finance charge, a $700.00 total amount charged, and $791.00 in total payments.

(*Id.* ¶¶ 21-22, 25.) At issue here, the disclosure statement "failed to disclose the number, amount, and due dates or period of payments scheduled to repay the total of payments." (*Id.* ¶¶ 26.) The disclosure statement also incorrectly identified the "'total of payments' as $791.00, when the actual 'total of payments' is $818.30." (*Id.* ¶¶ 30.)

Plaintiff now brings this lawsuit "seek[ing] to recover monetary damages [including statutory and actual damages, attorneys' fees, and pre- and post-judgment interest] for Defendant's violation of the TILA." (*Id.* ¶¶ 2, 26(b)-(e), 30(b)-(e).) No actual damages or source of damages is alleged other than procedural violations. The Complaint specifically alleges Defendant violated the TILA's statutory disclosure requirements as outlined in 15 U.S.C. §1638(a)(5) & (6) for omitting a payment schedule and incorrectly identifying the total payments. (*Id.* ¶¶ 23-30.) Defendant now moves to dismiss for lack of Article III standing for failing to identify a concrete injury. (*See* Mot. at 1.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("Article III standing is a species of subject matter jurisdiction." *Id.*). Article III of the United States Constitution "endows the federal courts with the 'judicial Power of the United States.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (citing U.S. Const. Art. III, § 1). "The judicial Power of the United States" only extends to "Cases" and "Controversies." U.S. Const. Art. III, §§ 1-2. Undoubtedly, "[n]o principal is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811 (1997). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy . . . [that] developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 136 S.Ct. at 1547 (citing *Raines*, 521 U.S. at 820). Plaintiff bears the responsibility of establishing standing, *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560–61 (1992), and must do so for each claim brought as well as the type of relief sought. *Summers v. Earth Island*

*Inst.*, 555 U.S. 488, 493 (2009); *see also DaimlerChrysler Corp.*, 547 U.S. at 352. To do this, "[P]laintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S.Ct. at 1547.

## III. DISCUSSION

### A. <u>Injury-in-Fact</u>

A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549.[1] "In other words, even when a statute has allegedly been violated, Article III requires such violation to have caused some real—as opposed to purely legal—harm to the plaintiff." *Robins*, 867 F.3d 1108, 1112 (9th Cir. 2017). Thus, in evaluating harm, courts look to "(1) whether the statutory provisions at issue were established to protect [plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.* at 1113.

Sometimes, a defendant's "alleged procedural violation [of a statute] can by itself manifest concrete injury where Congress conferred the procedural right to protect a plaintiff's concrete interests and where the procedural violation presents 'a risk of real harm' to the concrete interest." *Strubel v. Comenity Bank*, 842 F.3d 181, 190 (2nd Cir. 2016) (citing *Spokeo*, 136 S.Ct. at 1549). As the Supreme Court put it: "[defendant's] violation of a procedural right granted by statute [to plaintiff] can be sufficient in some circumstances to constitute injury in fact . . . [and] a plaintiff in such a case need not allege any *additional* harm beyond the one Congress has identified." *Spokeo*, 136 S.Ct. at 1549

---

[1] As recognized by the Ninth Circuit in an unpublished opinion, this Court presumes that *Spokeo* "calls into question whether a violation of the Truth in Lending Act's [disclosure] requirement[s], without more, creates an injury that is sufficiently concrete to confer standing." *McQuinn v. Bank of America, N.A.*, 656 Fed.Appx. 848, 849 (9th Cir. 2016) (citing *Spokeo*, 136 S.Ct. 1540). The *McQuinn* court did not address this question because it found that the complaint alleged a concrete injury beyond defendant's mere procedural violation. *Id.*

(emphasis in original). The Supreme Court specifically identified these circumstances. *Id.* at 1549-50 (citing *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 20-25 (involving voters' inability to access information that Congress made public); *Pub. Citizen v. Dep't of Justice*, 491 U.S. 440, 449 (1989) (involving inability of two advocacy groups to obtain information subject to disclosure under Federal Advisory Committee Act). "But even where Congress has accorded procedural rights to protect a concrete interest, a plaintiff may fail to demonstrate concrete injury where violation of the procedure at issue presents no material risk of harm to that underlying interest." *Strubel*, 842 F.3d at 190 (citing *Spokeo*, 136 S.Ct. at 1549). We begin with identifying the interests that the TILA's procedural rights protect, which is not disputed between the parties, before addressing whether a violation of those procedural rights harmed or presented a material risk of harm Plaintiff.[2]

### 1. **The TILA's Protected Interests**

Both parties agree that the TILA generally protects consumers' informed use of credit in an effort to strengthen the economy. (Mot. at 4 ("Congress enacted TILA . . . to promote the informed use of credit through fair and transparent lending practices (citing 15 U.S.C. § 1601(a)); Resp. at 4 ("TILA was 'designed to protect consumers from inaccurate and unfair credit practices, and 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit'" (citing *Fairley v. Turan-Foley Imports, Inc.*, 65 F.3d 475, 479 (5th Cir. 1995) (quoting 15 U.S.C. § 1601(a)).

In Congress's own words, it passed the TILA as a consumer protection act to "assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card

---

[2] In *Danger v. Nextep Funding, LLC*, 355 F.Supp.3d 796 (D. Minn. Jan. 23, 2019), the court exhaustively evaluates *Spokeo*'s impact as it relates to TILA allegations and whether Article III injury is alleged. *See id.* at 804-809 ("Following the issuance of *Spokeo*, courts have applied the ruling to TILA claims, with differing results, driven by differing facts. Some have found the alleged harms or risk of harms sufficient to constitute an injury-in-fact, distinguishing them from the 'no-harm procedural violations' detailed in *Spokeo*." *Id.* at 805).

practices." 15 U.S.C. § 1601(a). In a more general sense, the TILA was enacted to promote "economic stabilization" through "the informed use of credit[,] . . . [which] results from an awareness of the cost thereof by consumers." *Id.* § 1601(a). Many of the TILA's disclosure requirements undoubtedly serve to promote such an interest.

Without much hesitation, the Court finds that within the statutes at issue here, 15 U.S.C. § 1638(a)(5) & (6), are disclosure requirements crafted by Congress to protect consumers' informed use of credit. Section 1638(a)(5), titled "Required disclosures by creditor," requires that "the creditor disclose . . . [t]he sum of the amount financed and the finance charge, which shall be termed the 'total of payments.'" Section 1638(a)(6) further requires that "the creditor disclose . . . "[t]he number, amount, and due dates or period of payments scheduled to repay the total of payments." These disclosures undoubtedly establish parameters on creditors' lending practices to protect consumers' informed use of credit, which as Congress intended, might theoretically stabilize the economy. *See* 15 U.S.C. § 1601(a).

## 2. **Whether Defendant's Violations of the TILA Harmed or Created a Material Risk of Harm to Plaintiff's Informed Use of Credit**

As a preliminary matter, the Court finds that the Complaint adequately alleges that Defendant violated 15 U.S.C. § 1638(a)(5) & (6). (*See* Compl. at 5-6 ¶¶ 16-30.) The Complaint alleges that Defendant omitted the correct total of payments and a payment schedule disclosure. (*Id.*) Under the Ninth Circuit's liberal pleading standards, these allegations adequately identify Defendant's violation of two of the TILA's disclosure requirements. But, unlike as Plaintiff suggests, this is not enough in itself. (*See* Resp. at 5-8) ("Violation of the TILA's disclosure requirements regarding consumers' obligations creates standing without the need to plead *additional* harm." *Id.* at 5 (emphasis added)). As Plaintiff alludes to in this very argument, there still must be *some* harm beyond "a bare procedural violation, divorced from any concrete harm." *Spokeo*, 136 S.Ct. at 1549. If this were not the case, even a non-party to this credit transaction could sue Defendant for its disclosure violations under the TILA. This is clearly incorrect.

Thus, the question here is not only whether the Complaint alleges a procedural violation, but "whether [Defendant's] specific procedural violations alleged in this case actually harm, or present a material risk of harm to, [Plaintiff's] interests." *Spokeo*, 867 F.3d at 1113. As noted previously, not every procedural violation automatically causes or presents a material risk of harm. *Id*. Defendant argues the Complaint alleges two "bare procedural TILA violations without facts demonstrating she was harmed," (Mot. at 1), and that regardless, it did not violate the TILA disclosure requirements at issue,[3] (*id.* at 5), but even if it did, that Plaintiff was not harmed because of it, (*id.* at 6). Plaintiff mostly argues that the TILA's disclosure requirements are important, (Resp. at 1-4, 9, 16), which the Court agrees with, but also claims that Defendant's "failure to provide accurate TILA disclosures regarding consumers' obligations creates standing all on its own," (Resp. at 8). Plaintiff further argues that she "suffered actual confusion regarding the terms of her loan," (Resp. at 10), but later acknowledges this is not alleged in the Complaint, (*see* Resp. at 15 n.2 ("If the Court fails to find standing based on Plaintiff's complaint, Plaintiff would request leave to amend her pleadings to allege . . . facts regarding Plaintiff's confusion about the terms of her loan and the actual terms of Plaintiff's loan.")). Implicit in this request is the notion that even Plaintiff recognizes that her Complaint rests on wobbly grounds for only alleging that Defendant omitted the incorrect total of payments or a payment schedule.

Here, the Court is not completely satisfied that Defendant's failure to disclose a payment schedule disclosure or incorrect listing of the total payments *automatically* harmed or presented a material risk of harm to Plaintiff's informed use of credit.[4] *See*

---

[3] In accepting the Complaint's allegations as true, the Court presumes the disclosure requirements were adequately alleged to be violated at this stage, as stated above.

[4] Plaintiff cites Second Circuit case law in claiming the opposite is true. *See Strubel v. Comenity Bank*, 842 F.3d 181 (2nd Cir. 2016). While the Second Circuit, in discussing the TILA, has held that "a creditor's alleged violation of each notice requirement [ones not at issue here], by itself, gives rise to a 'risk of real harm' to the consumer's concrete interest in the informed use of credit,'" *id.* at 190, this Court respectfully disagrees to the extent that *Strubel* is construed to mean that "all disclosure violations under the TILA are *per se* actionable without concrete harm, or the *additional* harm, to a plaintiff." The *Strubel* court even acknowledges this in the footnote immediately after its finding: "We heed *Spokeo*'s instruction to consider separately the risk of harm from each of the 'particular procedural violations alleged in this case[.]'" *Id.* at n.9. Not only does *Struble* involve different disclosure requirements under the TILA, but it is also not binding on this Court. The *Strubel* court speculated that the disclosure violations at issue there warranted finding a material

- 6 -

*Spokeo*, 136 S.Ct. at 1549. To be sure, the Complaint *only* alleges Defendant's disclosure statement violated the TILA's disclosure requirements. Nothing more. Specifically, it alleges that "Defendant's TILA disclosure statement did not include a payment schedule disclosure" and that "Defendant violated the disclosure requirements of 15 U.S.C. § 1638(a)(6) and 12 C.F.R. § 1026.18(g) when it failed to disclose the number, amount, and due dates or period of payments scheduled to repay the total of payments, in the segregated Truth in Lending disclosure statement it provided to Plaintiff." (Compl. at 6 ¶¶ 25-26.) It further alleges that "Defendant violated the Truth in Lending Act, 15 U.S.C. § 1638(a)(5) by disclosing the 'total of payments' as $791.00, when the actual 'total of payments' is $818.30." (*Id.* at 7 ¶ 30.) As stated above, the TILA's disclosure requirements are clearly intended to protect consumers' informed use of credit. However, these alleged bare procedural violations fail to distinguish Plaintiff from a passerby who overheard that Defendant failed to include these disclosures and sued.

Yes, the Complaint alleges Defendant issued Plaintiff a loan, which makes the Complaint's allegations particularized to her. But it omits any concrete harm or material risk of harm caused by Defendant's failure to include a correct total of payments or payment schedule. The Complaint does not allege that Plaintiff would have chosen another creditor to borrow from, that she would not have accepted the loan's conditions had the payment schedule or "correct" total payments been included, or even that she was confused about the loan and missed payments as a result. Without any allegations going to how Defendant's disclosure violations impacted her "informed use of credit," the Complaint fails to allege a concrete injury. While alleging an injury is certainly possible, and Plaintiff even insinuates in her Complaint that she was confused by the disclosure violations, it is not alleged. Without any sort of allegations of concrete harm or material risk of harm to

---

risk of harm because "[a] consumer who is not given notice of *his* obligations is likely not to satisfy them." *Id.* at 190-91. Extrapolating this reasoning too far, however, as Plaintiff suggests, would lead courts to the very downfall that *Spokeo* cautioned against in reasoning, as it relates to the FCRA, that "not all inaccuracies cause harm or present any material risk of harm" such as "an incorrect zip code." *Spokeo*, 136 S.Ct. at 1550. In other words, the TILA's disclosure violations, "divorced from any concrete harm" do not automatically call for a concrete injury in fact finding. *See id.* at 1549.

Plaintiff's informed use of credit by Defendant's disclosure violations, Plaintiff's Complaint falls short of alleging a concrete injury and the Court lacks subject matter jurisdiction to hear the case.

## IV. LEAVE TO AMEND

"Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir. 1981). In accordance with well-settled law in the Ninth Circuit, the Court will grant Plaintiff leave to amend her complaint because "it is not 'absolutely clear' that [Plaintiff] could not cure [the complaint's] deficiencies by amendment." *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); Fed. R. Civ. P. 15(a)(2) ("leave to amend should be "freely" given "when justice so requires[]").

Accordingly, within thirty (30) days from the date of entry of this Order, Plaintiff may submit an amended complaint addressing the deficiencies identified above. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." If Plaintiff decides to file an amended complaint, she is reminded that an amended complaint supersedes the original complaint, *see Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012), and it must be complete in itself and "must not incorporate by reference any part of the preceding pleading, including exhibits," L.R.Civ 15.1.

## V. CONCLUSION

The Court finds the Complaint alleges no concrete harm, or material risk of harm, caused by Defendant's violation of the TILA's disclosure requirements at issue here. Rather, the Complaint merely alleges that Defendant violated the TILA's disclosure requirements in issuing its loan to her.[5] The Court finds no binding authority to find a *per se* concrete injury for such allegations, and Plaintiff fails to cite any published, binding precedent to show otherwise.[6] With this in mind, Plaintiff may amend her complaint within

---

[5] The Court notes that Plaintiff's alleged harm caused by Defendant's failure to include the total payments or payment schedule might be that Plaintiff failed to consider alternative sources of credit as discussed above. The options are endless, but the Court cannot import its own allegations into the Complaint. There is also no reasonable inference that confusion is an automatic result from a creditor's failure to include these disclosures.
[6] To the contrary, the Court notes numerous post-*Spokeo* decisions finding complaints

thirty (30) days from the date of entry of this Order.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss, (Doc. 28), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff may file a First Amended Complaint within thirty (30) days of this Order. If Plaintiff fails to file an amended complaint within thirty (30) days of this Order, the Clerk is directed to terminate this action.

Dated this 14th day of January, 2020.

Honorable Susan M. Brnovich
United States District Judge

---

failing to allege a concrete injury apart from a defendant's mere violation of the TILA's disclosure requirements. *See Jamison v. Bank of Am., N.A.*, 194 F.Supp.3d 1022, 1028 (E.D. Cal. 2016) (finding no standing for plaintiff's TILA claim because allegations failed to allege consequences of defendant's alleged TILA violations); *Kelen v. Nordstrom, Inc.*, 259 F.Supp.3d 75, 81 (S.D.N.Y. 2016) (reasoning that complaint "does not claim that [plaintiff] changed her behavior in any way based on [defendant's] allegedly insufficient disclosures"); *Bultemeyer v. CenturyLink, Inc.*, No. CV-14-02530-PHX-SPL, 2017 WL 634516, at *4 (finding no standing where plaintiff "allege[d] a bare procedural violation without identifying any concrete harm" as it relates to the Fair Credit Reporting Act).