1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9    Jennifer Littlejohn,                           No. CV-18-04250-PHX-SMB

10                    Plaintiff,              **ORDER**

11   v.

12   Phoenix Title Loans LLC,

13                    Defendant.

14

15

16          Pending before the Court is Defendant Phoenix Title Loans LLC's Motion to

17   Dismiss Plaintiff's Second Amended Complaint. (Doc. 47, "SAC"; Doc. 48, "Mot.")

18   Plaintiff Jennifer Littlejohn responded, (Doc. 49, "Resp."), and Defendant replied. (Doc.

19   50, "Reply".) Neither party requested oral argument and the Court elects to resolve the

20   motion without it. *See* LRCiv. 7.2(f). Having considered the pleading and applicable law,

21   the Court will grant the motion.

22   **I.    BACKGROUND**

23          Ms. Littlejohn received a $700.00 car title loan from Defendant for unidentified

24   personal, family or household purposes around April 24, 2018. (SAC ¶¶ 15-17.) The loan's

25   terms required that she repay the borrowed amount by May 24, 2018. (Doc. 47-1 at 2.) The

26   one-month loan agreement also included Truth in Lending Act ("TILA") disclosures. (*Id.*)

27   It listed the amount financed as $700, a 156% annual percentage rate, $118.30 finance

28   charge, and $791.00 as the total of payments, but provided no payment schedule. (*Id.*; SAC

¶¶ 20-21.)

Based on these disclosures, Ms. Littlejohn initially brought two TILA claims under 15 U.S.C. § 1638(a)(5) and (6). (*See* Doc. 1 ¶¶ 23-30.) The Court dismissed this initial complaint with leave to amend because it "allege[d] no concrete harm, or material risk of harm, caused by Defendant's violation of the disclosure requirements at issue." *See Littlejohn v. Phoenix Title Loans LLC*, No. CV-18-04250-PHX-SMB, 2020 WL 209936, at *2-5 (D. Ariz. Jan. 14, 2020). The Court reasoned that it "*only* alleges Defendant's disclosure statement violated the TILA's disclosure requirements. Nothing more." *Id.* at *4. As a result, "[w]ithout any sort of allegations of concrete harm or material risk of harm to Plaintiff's informed use of credit by Defendant's disclosure violations, Plaintiff's Complaint [fell] short of alleging a concrete injury and the Court lack[ed] subject matter jurisdiction to hear the case." *Id.* at *4.

After Plaintiff filed her First Amended Complaint ("FAC"), (Doc. 40), the Court again dismissed Plaintiff's FAC with leave to amend. *Littlejohn v. Phoenix Title Loans LLC*, No. CV-18-04250-PHX-SMB, 2020 WL 2527017, at *2-*7 (D. Ariz. May 15, 2020). In that order, this Court concluded that, "Absent allegations establishing how Defendant's TILA violations harmed or created a material risk of harm to [Plaintiff's] informed use of credit, the Court finds that these bare procedural violations allege no concrete injury." *Id.* at *6. Thus, the Court concluded that Plaintiff did not have Article III standing to bring her claims and once again allowed Plaintiff leave to amend to fix the deficiencies in the FAC. *Id.* at *7.

Ms. Littlejohn now once again brings the same three claims as in her FAC. (*See* SAC ¶¶ 46-60.) Notably, Plaintiff's SAC contains new allegations, including an alternative theory of liability. (*Id.* ¶¶ 16, 22, 23, 24, 25, 26, 27, 28, 41, 43, 44, 45, 49, & 50.) The alternative theory of liability in Plaintiff's SAC states that "Defendant's TILA disclosure statement does not accurately describe the terms of Plaintiff's loan." (*Id.* ¶ 27.) Plaintiff alleges the actual terms of the loan required Plaintiff to make twelve monthly payments of $118.30 beginning in May 24, 2018, resulting in a total payment of $1,419.34. (*Id.* ¶¶ 29-

31.) In other words, Plaintiff's alternative theory of liability alleges that Defendant's TILA disclosure grossly understated the finance charge and total payments on Plaintiff's loan. (*Id.* ¶¶ 32-35.)

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. *See Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) ("Article III standing is a species of subject matter jurisdiction."). Article III of the United States Constitution "endows the federal courts with the 'judicial Power of the United States.'" *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (quoting U.S. Const. art. III, § 1). "The judicial Power of the United States" only extends to "Cases" and "Controversies." U.S. Const. art. III, §§ 1-2. "No principal is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997).

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy . . . [that] developed in our case law to ensure that federal courts do not exceed their authority as it has been traditionally understood." *Spokeo*, 136 S.Ct. at 1547 (citing *Raines*, 521 U.S. at 820). Plaintiff has the responsibility of establishing standing, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992), and must do so for each claim brought as well as the type of relief sought. *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). To do this for each claim, "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.* "[A]t the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element." *Spokeo*, 136 S.Ct. at 1547.

## III.    DISCUSSION

As mentioned above, Plaintiff's SAC contains several new allegations, which purport to confer her with standing to bring suit for her three TILA claims. Defendant disagrees arguing Plaintiff "has not suffered an injury in fact, that is fairly traceable to

1    [Defendant] or that will likely be redressed by a favorable decision." (Mot. at 1.) As a

2    result, it requests dismissal under Rule 12(b)(1) for lack of Article III standing. (*Id.* at 9.)

3    Once again, Defendant is correct that Plaintiff lacks standing to bring her claims.

4           An injury in fact is "an invasion of a legally protected interest which is (a) concrete

5    and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504

6    U.S. at 560 (internal quotation marks, citations, and footnote omitted). A plaintiff does not

7    "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a

8    statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*,

9    136 S.Ct. at 1549; *see also Summers*, 555 U.S. at 496 ("[D]eprivation of a procedural right

10   without some concrete interest that is affected by the deprivation . . . is insufficient to create

11   Article III standing."). "In other words, even when a statute has allegedly been violated,

12   Article III requires such violation to have caused some real—as opposed to purely legal—

13   harm to the plaintiff." *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017).

14          As discussed at length in the Court's previous order, TILA procedural violations

15   alone do not themselves convey standing absent some other injury to Plaintiff. *See*

16   *Littlejohn*, 2020 WL 2527017, at *3-*5. As the Court previously pointed out, "the question

17   here is 'whether the specific procedural violations alleged in this case actually harm, or

18   present a material risk of harm to, [Ms. Littlejohn's informed use of credit].'" *Id.* at *5

19   (quoting *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1112 (9th Cir. 2017)).

20          As to the first cause of action, the SAC alleges that Defendant disclosed no payment

21   schedule. (SAC ¶¶ 46-51.) As the Court previously noted, "[i]t is difficult to imagine how

22   Defendant's failure to include a payment schedule on Ms. Littlejohn's one-month loan

23   harmed or created a risk of real harm to her informed use of credit." *Id.* However, Plaintiff

24   also advances an alternative theory of liability for this claim.[1] (*Id.* ¶¶ 27-45.) Plaintiff's

25   alternate theory of liability posits that "Defendant's TILA Disclosure statement does not

26   accurately describe the terms of Plaintiff's loan." (*Id.* ¶ 27.) Instead, Plaintiff alleges that

27
     _____

28   [1] Federal Rule of Civil Procedure 8 "allows parties to plead inconsistent factual allegations
     in the alternative." *Wi-LAN v. LG Electronics, Inc.*, 382 F.Supp.3d 1012, 1023 (S.D. Cal.
     2019) (citing Fed. R. Civ. P. 8(d)(2)).

1    the "actual terms of the loan called for Plaintiff to repay the loan in eleven monthly

2    payments of $118.30 beginning May 24, 2018, one final payment of $118.04 due April 24,

3    2019." (*Id*. ¶ 29.) Even taking the allegations as true, which the Court must, the Court still

4    fails to see how the failure to include a payment schedule created a material risk of harm

5    to Plaintiff's informed use of credit. *See Robins*, 867 F.3d at 1113 ("we thus ask: (1)

6    whether the statutory provisions at issue were established to protect his concrete interests

7    (as opposed to procedural rights), and if so, (2) whether the specific procedural violations

8    alleged in this case actually harm, or present a material risk of harm to, such interests.").

9    The SAC once again contains no allegations of harm or material risk of harm to Plaintiff.

10   Plaintiff never states that she would have sought other options had Defendants disclosed a

11   payment schedule or that she would have changed her behavior in any other way had the

12   TILA disclosure contained a payment schedule. Instead, the SAC simply states that she

13   was confused about the terms of the loan due to the lack of a disclosure and that due to her

14   confusion, she made a late payment. (*Id*. ¶¶ 41-44.) However, Plaintiff alleges no harm due

15   to the late payment such as a late charge, default, negative credit mark, or any other

16   repercussion. Thus, the new allegations in the SAC falter from the same defect that was

17   present in the Court's most recent order. *See Littlejohn*, 2020 WL 2527017, at *5.

18   Accordingly, the Court finds Plaintiff has not shown a concrete injury or a material risk of

19   injury to confer standing.

20          The SAC's second claim alleges that Defendant violated 15 U.S.C. § 1638(a)(5) by

21   misstating the sum of the amount financed and the finance charge, which together are

22   referred to as the 'total of payments.' (*Id*. ¶¶ 52-56.) The Court previously rejected the

23   theory in Plaintiff's FAC that Plaintiff had suffered an injury to confer standing where

24   Plaintiff alleged that the total of payments in the TILA disclosure should have been $818.30

25   instead of $791.00, a difference of $27.30. *Littlejohn*, 2020 WL 2527017, at *5. The Court

26   stated that, "This allegation belies any contrary claim that this incorrect listing harmed or

27   presented a serious risk of harm to Ms. Littlejohn's informed use of credit." *Id.* (citing

28   *Robins*, 867 F.3d at 1113.). The Court will follow its previous ruling on that issue. *Id.*

1    Plaintiff's alternative theory of liability alleges that the TILA disclosure given to Plaintiff

2    does not accurately describe the terms of Plaintiff's loan, and that the actual terms of the

3    loan required Plaintiff to incur a total payment of $1,419.34. (*Id.* ¶¶ 27-34.) However, this

4    allegation again suffers from the same defect as the first theory: Plaintiff never describes

5    how this disclosure failure injured her. Plaintiff alleges that because of the error "she does

6    not have an accurate TILA disclosure statement with which to shop for further credit

7    transactions with other potential lenders or with Defendant." However, she never states

8    that she actually would have changed her behavior had Defendant given her an accurate

9    TILA disclosure. Accordingly, the SAC has not alleged a concrete injury or risk of such an

10   injury adequately to grant her Article III standing for her second claim.

11         The third and final claim in Plaintiff's SAC alleges that Defendant violated 15

12   U.S.C. § 1638(a)(3) by failing to disclose the correct "Finance Charge." (*Id.* ¶¶ 57-60.)

13   Plaintiff's first theory under this claim alleges that the actual finance charge on the TILA

14   should be $91.00, not the $118.30 actually listed on the TILA disclosure given to Plaintiff.

15   (*Id.* ¶¶ 25-26.) However, as the Court decided in its latest order, these allegations are

16   insufficient to show that Plaintiff was injured. *See id.* at 6. Indeed, the Court cannot

17   imagine, nor does Plaintiff show in the SAC, how the overstatement of a finance charge

18   could have injured Plaintiff. Although Plaintiff claims that the overstated finance charge

19   created the material risk that she would overpay her loan, the Court does not accept this as

20   a plausible injury to confer standing. (*Id.* ¶ 45.) Plaintiff's alternative theory of liability

21   suffers from a similar defect. The SAC's alternative theory of liability explains that

22   Defendant's TILA disclosure statement which was given to Plaintiff does not accurately

23   describe the terms of Plaintiff's loans, and that the actual terms of the agreement required

24   Plaintiff to incur a total finance charge of $719.34, not the $118.30 on the TILA disclosure.

25   However, once again, Plaintiff alleges no harm that resulted from the alleged

26   understatement of the finance charge. Absent such allegations, the Court finds that Plaintiff

27   has not alleged an injury from Defendant's third claim under which to grant her standing.

28         In sum, Plaintiff has not alleged any injury besides mere procedural violations. She

1    has not alleged that she would have evaluated the terms of her loan differently, made a

2    different choice, or "'in any way behaved other than she did had [D]efendant not committed

3    its alleged violations of [TILA].'" *Id.* at 6 (alterations original) (citations omitted). Further,

4    the SAC does not allege that Plaintiff suffered any financial harm or setbacks (such as late

5    fees or negative credit marks) due to her alleged late payment. Accordingly, the Court finds

6    that Plaintiff has alleged no concrete injury to confer her with Article III standing. As the

7    Court has now given Plaintiff two opportunities to amend its complaints to fix the standing

8    defect, it will now dismiss the case with prejudice under Rule 12(b)(1), Fed. R. Civ. P.

9    **IV.    CONCLUSION**

10           For the reasons discussed above,

11           **IT IS ORDERED** granting Defendant's Motion to Dismiss and dismissing this

12    action with prejudice under Fed. R. Civ. P. 12(b)(1). (Doc. 47.)

13           **IT IS FURTHER ORDERED** directing the Clerk of the Court to terminate this

14    case.

15           Dated this 13th day of January, 2021.

16

17

18                                                      Honorable Susan M. Brnovich
                                                        United States District Judge
19

20

21

22

23

24

25

26

27

28